Tadashi FUJIMOTO, et al., Plaintiffs,

v.

Hiroko H. LOPUS, Defendant.

Civ. A. No. 80–124 ERIE.

United States District Court,
W. D. Pennsylvania.

June 24, 1982.

---

David Steck, Philadelphia, Pa., Robert O. Lee, Stitt, Baker & McKenzie, Toronto, Canada, for plaintiffs.

Wallace J. Knox, Knox, Graham, McLaughlin, Gornall & Sennett, Inc., John G. Gent, William J. Schaaf, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

On July 19, 1974 the Commonwealth of Pennsylvania enacted a comprehensive plan of insurance with the declared purpose of establishing "a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims ...". 40 P.S. § 1009.102(b).

The present plaintiff was injured in a one-car automobile accident on August 3, 1978 in Corry, Pennsylvania, while a passenger in an automobile registered in Pennsylvania and insured in Pennsylvania under the terms of that Act, by Pennsylvania National Insurance Company both for No-Fault Coverage and Liability. Plaintiff is a Canadian national, residing in Toronto, Ontario, the owner of an automobile registered in Ontario, Canada, which is covered by the No-Fault Insurance required by the law of that Province written by Federal Insurance Company of Canada. He has not yet received the applicable no-fault benefits from either carrier. He filed suit against both carriers in this court at Civil Action No. 79–108 Erie, which suit was dismissed for lack of diversity. A suit was brought against both the carriers in the Court of Common Pleas of Erie County at No. 3354A of 1979. This is still pending.

Plaintiff instituted this action in 1980 against the driver of the vehicle in which he was riding to recover the damages allowable in such third party suits under the Pennsylvania No-Fault Act. A verdict was rendered in his favor for various claims, the only part of which pertinent here was a claim for impairment of earning capacity, past, present and future for which the jury, by a special finding, awarded $19,000. There is no dispute that the evidence shows actual loss of earnings up to the date of trial of $8,500.

The liability carrier for the named defendant herein is also the carrier of the No-Fault coverage on defendant's automobile. It has paid $4,000 of the $19,000 verdict for wage loss, but refuses to pay the first $15,000 of that award claiming that $15,000 of wage loss claims must be excluded under the limitation of the Pennsylvania No-Fault Act which requires payment by the No-Fault carrier of work loss limits "Up

to a total amount of fifteen thousand dollars ($15,000)". 40 P.S. § 1009.202(b)(2). Of course it also refuses to pay any No-Fault benefit. This practice elsewhere is called Catch-22.

■ We do not have the No-Fault Carriers before us as parties. Our only question is posed by defendant's motion to mold the verdict by reducing the $19,000 work loss award by $15,000, the maximum work loss deduction under Pennsylvania law. Defendant here argues that the Pennsylvania Act applies to limit recovery from a third party to amounts in excess of that sum. Defendant's argument here ignores three facts:

(1) The plaintiff has not yet been paid any sum on work loss benefits by any carrier;

(2) The maximum wage loss that plaintiff can claim from any No-Fault carrier is income actually lost by a victim, which in this case is undisputed at $8,500. (40 P.S. §§ 203; 205).

(3) If, as defendant has alleged elsewhere, the Pennsylvania No-Fault Act does not apply to plaintiff, then defendant's liability carrier is entitled to no set-off.

In any combination of circumstances the plaintiff is entitled to receive a total of $19,000. We conclude that of the $19,000 jury award for impairment of earning power, past, present and future, the jury included $8,500 for past wage loss, which was the only figure they could have used based on the evidence, and awarded the remainder of $10,500 for future impairment of earning power. There is no No-Fault Act provision limiting recovery against a third party on a claim for future impairment. If the victim cannot claim this item of damage under the No-Fault Act, he is free to recover it in a third party liability action.

The liability Defendant here has not undertaken to show what amount, if any, of reduction to which she is entitled by reason of any No-Fault benefits paid or payable under No-Fault coverage to plaintiff. Defendant's liability insurance carrier, Pennsylvania National, is also the No-Fault insurance carrier on Defendant's automobile in which plaintiff was injured. It has denied No-Fault coverage to plaintiff although it now claims the benefit of such coverage up to the maximum allowable amount of $15,000. We believe that defendant's failure to establish that any amount has been paid or is due and owing by any No-Fault carrier is fatal to its Motion to Mold the Verdict, and until this has been done defendant remains liable for the full amount of $19,000. It is no answer to the problem in this court to tell it that a declaratory judgment action to determine such liability has been pending for four years. Defendant's insurance carrier has been resisting plaintiff's claim for No-Fault benefits under its policy for 4 years. That claim is not only for the actual wage loss of $8,500, but also for $20,000 medical benefits which were not claimed in the present suit because of the Pennsylvania No-Fault Act limitations in a third party liability suit.

With respect to the liability of Defendant and defendant's insurance carrier we can see no danger of the plaintiff making a double recovery. Defendant and her carrier can allocate the balance due on the verdict by paying the work loss recovery under its No-Fault coverage to the extent of the proven $8,500 actual loss, and the unpaid balance of the jury award of $6,500 on its liability coverage. If it should later develop that some other carrier is liable for No-Fault payment, defendant's carrier can be subrogated to plaintiff's rights against that carrier. If this is done plaintiff agrees to withdraw its Common Pleas suit against Pennsylvania National. We place little weight on defendant's argument of potential double recovery. If it develops that two carriers are liable, defendant's carrier must pay and recover contribution from the other carrier under 40 P.S. § 1009.204(b).

In any event there is no need for this plaintiff to wait any longer for payment of his jury verdict.

We make no determination of the liability of the various No-Fault carriers. This is not before us. But it seems somewhat equivocal for defendant's carrier to be ar-

guing for the benefits of the No-Fault deduction to reduce the verdict, while denying No-Fault coverage in another court.

We do not regard the alleged stipulation of counsel here as binding. We find it contrary to law. It was merely an expression of the court as to controlling law before the trial. It does not accord with the facts as they developed at the trial. It is not an absolute and unequivocal agreement. It was based on the assumption that plaintiff would receive full payment of the amount of his verdict less any set-off for No-Fault benefits. Defendant has not shown that he received any No-Fault benefits or that he is entitled to any. Furthermore if, as defendant argues elsewhere, the Pennsylvania No-Fault Act does not apply to plaintiff, then any reduction for wage loss would not be appropriate, and plaintiff would be entitled to the full amount of the jury award without any set-off.